McIN'NIS, Judge.
This appeal is from a judgment of the district court rejecting plaintiff’s demand for $456.10 for timber cut from plaintiff’s land, and damage to small timber, and for costs of having the timber estimated and the lines surveyed.
The land is described as NEj4 of SW}4 and SEj4 of SEJ4 of NW14, Section 28, Township 15 N., Range 4 W. in Bienville Parish.
The petition alleges that defendant cut ■6,567 feet of pine and 941 feet of hardwood from the land, and has refused to pay for it when demand was made therefor. The evidence is clear that the timber was cut, as alleged, but there is no acceptable proof of damage to small timber.
The defense, as set up in the answer, is a denial of the allegations of the petition, and affirmatively, defendant avers that he lias never cut or removed any timber from •any lands belonging to plaintiff. When plaintiff rested his case defendant filed an ■exception of no cause and no right of action, which was referred to the merits.
Plaintiff lives in Odessa, Texas, and does 31 ot visit this land very often. -When he visited it during the Christmas holidays •of 1950 he found some timber had been-cut from the land, and upon inquiring of people living in the vicinity he concluded that ■defendant .had cut it. He came back in April, 1951 and on April 16th and 17th Mr. R. A. Crowson, registered surveyor •and also a timber estimator, ran the lines •and estimated the timber. He says that the timber he estimated had all been cut within a year of the date of his survey •and estimate. He did not make an itemized account of the trees, and could not say how much was .cut from the different tracts. He scaled 36 logs left on the ground on the 40 acre tract, totaling 1,061 feet, and he says most of the timber was cut from the •fen acre tract.
■ Defendant bought from Roy T. Qualls the timber on 12 acres of land in the southwest corner of SWJ4 of NE14, Section 28, Township 15 N., Range 4 W. which adjoins plaintiff’s ten acre tract on the east, and cut and removed the timber. The evidence is in conflict as to whether this was in the spring or .summer of 1948 'or of 1949. Defendant and (his brother say it was 1948 and Qualls says it was 1949. Defendant bought from Tucker Bradford the timber on NW14 of SE14, Section 28, Township 15 N., Range 4 W. which adjoins plaintiff’s 40 acre tract on the east, and cut and removed the timber in the summer of 1950.
Defendant in brief admits that plaintiff has shown sufficient title to enable him to maintain this action, but contends that there is no proof that defendant cut the timber, but that if we should find that he did, recovery should be limited to $25 per thousand feet for the pine timber and $8 for the hardwood. As we view the case, the first question to be determined is whether or not defendant or his employees cut the timber of plaintiff, and this is a question of fact.
No witness testified to seeing defendant or his employees cut any timber on the land of plaintiff. Bennie Qualls owns the 30 acres of SE14 of NW14, Section 28, Township 15 N., Range 4 W. not owned by , plaintiff. He says he never saw anyone except defendant’s, employees cutting timber around there, and that defendant cut some timber on his land, but when his attention was called to it, defendant paid him for it. Columbus' Bradford says no one was cutting timber around there except defendant’s employees. Roy T. Qualls saw no one cut any timber on plaintiff’s land, but says he was not at home all the time. Grover Outz was employed by .defendant and helped cut the Roy Qualls timbe,r, he says in 1948,. and that no timber was cut on plaintiff’s land, but that when. he went on the land a few days before the trial, he found that some timber had been cut on plaintiff’s land, but that it was not cut by defendant, and he explained that whoever •cut the timber Used a different method for *634 felling the trees from that used by defendant. Defendant and his brother deny that any timber was cut on plaintiff’s land.
Plaintiff has, by the evidence, established the probability that defendant cut his timber, but he has to do more than that. He must make out his case by a preponderance of the evidence, arid in our opinion the proof falls short of this requirement.
It follows that the judgment of the lower court is affirmed at the cost of plaintiff in this court and in the lower court.